## UNITED STATES

v.

**Timothy I. MARSH, 046 58 4930, Seaman Apprentice (E–2), U. S. Navy.**

**NMCM 80 1281.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 19 Nov. 1979.

Decided 29 June 1981.

LCDR Kerry T. Davidson, JAGC, USN, Appellate Defense Counsel.

CAPT Craig L. Kemmerer, USMCR, Appellate Government Counsel.

LT William C. Martucci, JAGC, USNR, Appellate Government Counsel.

## UPON RECONSIDERATION

PER CURIAM:

The United States, pursuant to Rule 20, Rules of Practice and Procedure, Courts of Military Review, has moved for reconsideration of the remedy directed by the Court in this case. The Court by separate order dated 16 June 1981, has granted the motion.

Upon reconsideration we modify the remedy to authorize a rehearing limited only to determining the factual circumstances bearing on jurisdiction, which inquiry was precluded by the *ex post facto* application by the military judge, of Article 2, Uniform Code of Military Justice (UCMJ) 10 U.S. C.A. § 802, amendments at the original trial. That portion of the concluding paragraph of our decision dated 26 May 1981, 11 M.J. 698, which sets aside the findings and sentence and authorizes a full rehearing is therefore vacated.

The record is returned to the Judge Advocate General of the Navy for remand to the same or a different convening authority, who shall refer it to a special court-martial, the military judge of which shall be directed to conduct a limited hearing under the provisions of Article 39(a), UCMJ, 10 U.S.C.A. § 839(a), on the question of jurisdiction. *United States v. DuBay,* 17 U.S.C. M.A. 147, 37 C.M.R. 411 (1967). If the convening authority determines that a limited hearing is impracticable, he shall dismiss the charges and restore any property of which appellant has been deprived. Otherwise the hearing will be held within 45 days of the date of this order, unless a continuance is granted by the judge. If the judge determines that the special court-martial which tried the accused lacked jurisdiction he shall set aside the findings and sentence and dismiss the charges. If the judge finds that the special court-martial which tried the accused did have jurisdiction, he shall forward the record with a verbatim transcript of the proceedings and

his special findings of fact and conclusions of law to the convening authority for further review of the supplementary proceedings. After his review the convening authority shall forward the record to the officer exercising general court-martial jurisdiction for review. If findings of jurisdiction are approved, the supplemented record will be forwarded for review in accordance with Article 66, UCMJ, 10 U.S.C.A. § 866.

CEDARBURG, Chief Judge, GREGORY, Senior Judge, SANDERS, Judge, BOHLEN, Judge and GLADIS, Judge, concur.

Senior Judge BAUM, Judge ABERNATHY and Judge KERCHEVAL adhere to their dissent.

Judge DONOVAN, the author of the original opinion, was detached 1 June 1981 from service as an appellate judge and thus did not participate.