**UNITED STATES**

**v.**

**Senior Master Sergeant Richard D. FAIRCHILD, FR 544–34–9780, United States Air Force.**

**ACM 23600.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 7 June 1982.

Decided 5 Nov. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Michael J. Hoover.

Before KASTL, RAICHLE and SNYDER, Appellate Military Judges.

## ORDER

PER CURIAM:

The accused argues that since the offense of which he was convicted was committed prior to his discharge and reenlistment the court-martial lacked jurisdiction. *United States v. Ginyard*, 16 U.S.C.M.A. 512, 37 C.M.R. 132 (1967); *see also, United States v. Clardy*, 13 M.J. 308 (C.M.A.1982).

The issue of jurisdiction was never raised at trial. Instead, it was first asserted by civilian counsel in response to the staff judge advocate's review. The issue is not developed in the staff judge advocate's addendum or elsewhere in the allied papers, except for concise analysis in the pre-trial advice to the convening authority.

■ Despite an accused's guilty plea, the issue of jurisdiction is not waived. Manual for Courts-Martial, United States, 1969 (Rev.), paras. 68*b* and 215*a; United States v. Lopez*, 20 U.S.C.M.A. 76, 42 C.M.R. 268, 269–270; *United States v. Rehorn*, 9 U.S.C. M.A. 487, 26 C.M.R. 267 (1958). Here, the record as presently constituted is insufficient to permit an informed decision on the matter. *See generally, United States v. Penn*, 18 U.S.C.M.A. 194, 39 C.M.R. 194, 197 (1969); *United States v. Turner*, 11 M.J. 784 (A.C.M.R.1981). *See also, United States v. Castleman*, 10 M.J. 750 (A.F.C.M.R.1981).

■ For the foregoing reasons, it is appropriate that a limited hearing be set for the purpose of developing this issue to the fullest possible extent. *See, United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967); *United States v. Littlejohn*, 4 M.J. 651 (A.F.C.M.R.1977). *See generally, United States v. Marsh*, 11 M.J. 782 (N.M.C.M.R. 1981). Accordingly, the case is returned to The Judge Advocate General of the Air Force for such action as may be required to assure an impartial hearing. The hearing may be ordered by any convening authority designated by The Judge Advocate General for such purpose, and conducted before any military judge who may be detailed in the convening order. Both the accused and the government will be represented by counsel. Copies of all relevant documents will be considered and attached. At the conclusion of the hearing the military judge will make specific findings of fact as to jurisdiction over the accused including, but not limited to, answers to the following questions.

1. What are the pertinent factors as to the discharge, reenlistment, or extension of the accused? Did the accused receive a discharge certificate?

2. What events led to the accused appearing for reenlistment, extension, or discharge at Travis Air Force Base, California, rather than his permanent station at Indian Springs Air Force Station, Nevada, or Nellis Air Force Base, Nevada? Was there any coordination between Travis AFB and the bases in Nevada prior to reenlisting/discharging the accused? Does the government claim the accused intentionally attempted discharge/reenlistment to avoid trial for the offense charged? If the reenlistment is void, what effect does that have on his discharge?

3. What specific basis does the Air Force Military Personnel Center cite as authority to void the accused's purported reenlistment?

4. What government actions occurred with a view to trial *prior* to 11–12 November 1981?

A verbatim record will be made of the proceedings which, following proper authentication, will be submitted to the Court for further review of the case.