UNITED STATES, Appellant,

v.

Timothy I. MARSH, Seaman Apprentice, U.S. Navy, Appellee.

No. 41,485.
NMCM No. 80–1281.

U. S. Court of Military Appeals.

April 18, 1983.

For Appellant: *Captain T.C. Watson, Jr.,* JAGC, USN, *Lieutenant William C. Martucci,* JAGC, USNR (on brief).

For Appellee: *Lieutenant Georgia L. Winstead,* JAGC, USNR (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

Appellee was charged with an unauthorized absence from his ship from May 29, 1979, until August 12, 1979. When his trial began on November 19, 1979, before a special court-martial, he requested to be tried by military judge alone. After that request had been granted, the defense moved to dismiss for lack of *in personam* jurisdiction. While conceding that "new legislation" had just become effective, defense counsel contended that his motion nonetheless was in order. However, the military judge agreed with trial counsel that, in light of the recently-enacted amendment to Article 2 of the Uniform Code of Military Justice, 10

U.S.C. § 802,[1] there was "no reason at all to entertain the motion."

After this ruling, Marsh pleaded guilty to the charge, and the judge entered findings pursuant to the pleas. After a brief presentence proceeding, the judge sentenced appellee to a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $150.00 pay per month for a like period, and reduction to the lowest enlisted grade. The convening authority approved the findings and sentence; but because the military judge had received an inadmissible document in evidence, the officer exercising general court-martial jurisdiction reduced the forfeitures by a month.

Upon consideration *en banc* of appellee's case, the United States Navy-Marine Corps Court of Military Review, by a divided vote, concluded that the military judge's retrospective application of the amendment to Article 2 violated the constitutional prohibition against *ex post facto* laws (U.S. Const. art. I, § 9, cl. 3). 11 M.J. 698 (C.M.R.1981). Therefore, "the findings and sentence . . . [were] set aside; [and] the case . . . returned to the Judge Advocate General for return to the supervisory authority for a rehearing if practicable." *Id.* at 711. Upon reconsideration *en banc,* the court below modified "the remedy to authorize a rehearing limited only to determining the factual circumstances bearing on jurisdiction, which inquiry was precluded by the" ruling of the trial judge. 11 M.J. 782 (C.M.R.1981). The Judge Advocate General then certified the case to us on this issue:

WAS THE UNITED STATES NAVY–MARINE CORPS COURT OF MILITARY REVIEW CORRECT, AS A MATTER OF LAW, IN ITS DETERMINATION THAT THE RETROACTIVE APPLICATION OF THE AMENDMENTS TO ARTICLE 2, UCMJ, VIOLATED THE CONSTITUTIONAL PROHIBITION AGAINST *EX POST FACTO* LAWS?

Marsh cross-petitioned for grant of review; but, upon his motion and by leave of the Court, the cross-petition was later withdrawn.

I

In *United States v. McDonagh,* 14 M.J. 415 (C.M.A.1983), where the accused had been tried for various drug offenses, we upheld the retrospective application of the amendment to Article 2. However, we noted that our cases had

drawn a distinction for some purposes between (a) purely military offenses, as to which disputed factual issues about the accused's status as a servicemember must be decided by the trier of fact as part of the determination of guilt or innocence and as to which the Government bears the burden of proof beyond reasonable doubt, and (b) those offenses which are not peculiarly military, as to which the question of jurisdiction over the person is resolved by the military judge as an interlocutory matter with the Government only being required to establish jurisdiction by a preponderance of the evidence.

*Id.* at 422. *See also United States v. Laws,* 11 M.J. 475 (C.M.A.1981); *United States v. Ornelas,* 2 U.S.C.M.A. 96, 6 C.M.R. 96 (1952); *cf. United States v. Jessie,* 5 M.J. 573 (A.C.M.R.1978), *pet. denied,* 5 M.J. 300 (A.C.M.R.1978). *See also* para. 57*b* and *g,* Manual for Courts-Martial, United States, 1969 (Revised edition). We pointed out that "in the trial of purely military offenses, an issue of recruiter misconduct affecting the accused's military status has been submitted to the court members as an element of the offense to be proved beyond reasonable doubt." Then we explained:

In line with this established distinction, the retroactive application of the amendment to Article 2 to a purely military offense involves eliminating an issue which, under the law in effect at the time when the offense allegedly was committed, had to be submitted to the trier of

1. Act of November 9, 1979, Pub.L. No. 96–107, § 801, 93 Stat. 810; this law took effect on November 9, 1979.

fact and proved by the Government beyond a reasonable doubt. This raises a serious *ex post facto* issue, because in a sense it involves changing an element of the crime to be punished.

*Id.* at 422.

■ As defined in Article 86, UCMJ, 10 U.S.C. § 886, unauthorized absence clearly is a "peculiarly military" offense, for by its express terms the statutory prohibition applies only to a "member of the armed forces."[2] Therefore, an accused's status as a servicemember really is an element of the offense and he cannot be convicted unless the prosecution proves beyond a reasonable doubt that at the time of the absence he was a "member of the armed forces."

■ Under these circumstances, the retrospective application of the amendment to Article 2 is equivalent to eliminating an element of the crime after the conduct has taken place. While, as the Government argues, Marsh may have received adequate notice that he was amenable to prosecution, such notice does not suffice to overcome the constitutional prohibition against modifying elements of a crime retroactively.

## II

■ In its decision on reconsideration, the Court of Military Review concerned itself only with whether appellee was a member of the armed forces for purposes of jurisdiction of the court-martial over him. Accordingly, it ordered a trial-level limited hearing on the question of jurisdiction—a question which, for this purpose, may be decided by a preponderance of the evidence. However, as we have noted, since appellee was prosecuted for unauthorized absence, he was entitled to have the issue of his status as a member of the armed forces at the time he absented himself determined by the trier of fact beyond a reasonable doubt. *See United States v. Laws* and *United States v. Ornelas,* both *supra;* para. 57*b,* Manual, *supra.*

It is true that appellee ultimately pleaded guilty to the charged absence. But he did so only after the military judge had ruled that there was "no reason at all [in view of the amendment to Article 2] to entertain the motion" defense counsel had made to dismiss the charge for lack of *in personam* jurisdiction. In light of this reaction, appellee would have had no reason to expect that the military judge—who, by reason of appellee's request for a bench trial, was also the trier of fact in this case—would not have taken a similar view of the amendment's application to his military status as an element of the charged offense, a view we now hold is erroneous. Accordingly, appellee's plea of guilty was improvidently entered.

## III

The decision of the United States Navy-Marine Corps Court of Military Review is reversed and the findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

Judge FLETCHER concurs.

COOK, Judge (dissenting):

I agreed with Chief Judge Everett in *United States v. McDonagh,* 14 M.J. 415, 422–23 (C.M.A.1983), that the elimination by Congress of the so-called *Catlow-Russo* rule[1] is procedural only and not violative of the *ex post facto* clause.[2] However, I disagree with the distinction drawn by the Chief Judge between "military" and "non-military" offenses. *See* my concurring-in-part opinion in *McDonagh,* 14 M.J. at 424. Thus I believe that Article 2, Uniform Code of Military Justice, 10 U.S.C. § 802, as amended, applies to all servicemembers tried after the effective date of the amendment. I would reverse the decision of the United States Navy-Marine Corps Court of Military Review.

---

2. Article 86 is one of only a few punitive Articles of the Uniform Code which do not apply to "[a]ny person subject to" the Code.

1. *United States v. Catlow,* 23 U.S.C.M.A. 142, 48 C.M.R. 758 (1974); *United States v. Russo,* 1 M.J. 134 (C.M.A.1975).

2. U.S. Const. art. I, § 9, cl. 3.