**UNITED STATES, Appellant,**

v.

**James Paul McGINNIS, Jr., Operations Specialist Seaman Apprentice, U.S. Navy Appellee.**

No. 43820.
CMR 82–0092.

U. S. Court of Military Appeals.

May 9, 1983.

For Appellant: *Captain T.C. Watson, Jr.,* JAGC, USN, and *Lieutenant Darrell M. Grams,* JAGC, USNR (on brief).

For Appellee: *Major James P. Axelrod,* USMC, and *Lieutenant Daniel Lippman,* JAGC, USNR (on brief).

*Opinion of the Court*

PER CURIAM:

In a bench trial by special court-martial, appellee was convicted of three specifications of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886, and sentenced to a bad-conduct discharge, confinement for 45 days, forfeiture of $50.00 pay per month for 2 months, and reduction to the lowest enlisted grade. After the convening authority approved these results, the officer exercising general court-martial jurisdiction returned the record to the convening authority for a hearing pursuant to *United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), to determine if McGinnis had constructively enlisted in the Navy.

At the *DuBay* hearing, the judge found that appellee had constructively enlisted, and this finding was approved by the convening authority. Thereupon, the supervisory authority approved the findings of guilty and the sentence as adjudged. However, the Navy-Marine Corps Court of Military Review set aside the findings and sentence, since they concluded that the 1979 amendment to Article 2 of the Uniform Code, 10 U.S.C. § 802[1] could not be applied retrospectively and that under our precedents, such as *United States v. Torres,* 7 M.J. 102 (C.M.A.1979), McGinnis had never become a member of the Navy. The Judge Advocate General of the Navy certified to us an issue concerning the retroactivity of these amendments.

■■■ Since unauthorized absence is among the "purely military offenses," the

1. Act of November 9, 1979, Pub.L. No. 96–107, § 801, 93 Stat. 810; this law took effect on November 9, 1979.

accused's status as a servicemember is an element of the offense which, if contested, must be demonstrated to the trier of fact beyond reasonable doubt. *United States v. Marsh,* 15 M.J. 252, 253–54 (C.M.A.1983); *United States v. McDonagh,* 14 M.J. 415 (C.M.A.1983). Because of the *ex post facto* prohibition, the 1979 amendment to the code could not eliminate recruiter misconduct as a bar to the Government's proving that appellee was a "member of the armed forces" at the time of his absences. *United States v. Marsh, supra* at 254.

Accordingly, the decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

COOK, Judge (dissenting):

As I stated in my separate opinion in *United States v. Torres,* 7 M.J. 102, 105 (C.M.A.1979), I would no longer apply the doctrine of *United States v. Russo,* 1 M.J. 134 (C.M.A.1975). *See also United States v. McDonagh,* 14 M.J. 415, 423 (C.M.A.1983) (Cook, J., concurring in part). In my opinion, whatever taint may have attached to appellant's initial enlistment into the Naval Reserve was cured by his subsequent enlistment into the Regular Navy and entrance onto active duty. *In re Grimley,* 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636 (1890). Accordingly, I would reverse the decision of the United States Navy-Marine Corps Court of Military Review.