UNITED STATES

v.

**Senior Master Sergeant Richard D. FAIRCHILD, FR 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, United States Air Force.**

**ACM 23600 (f rev).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 7 June 1982.

Decided 15 August 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Michael J. Hoover.

Before KASTL, RAICHLE and SNYDER, Appellate Military Judges.

DECISION UPON FURTHER REVIEW

KASTL, Senior Judge:

Continuing jurisdiction over the accused is the critical issue in this case. Finding *in personam* jurisdiction present, we affirm the accused's conviction for larceny, in violation of Article 121, U.C.M.J., 10 U.S.C. § 921.

This case was before us earlier. In *United States v. Fairchild,* 14 M.J. 918 (A.F.C.M. R.1982), we noted that the accused was disputing jurisdiction for the first time on appeal, claiming that his offense of larceny occurred prior to his discharge and reenlistment, thereby preempting military jurisdiction over him. *United States v. Ginyard,* 16 U.S.C.M.A. 512, 37 C.M.R. 132 (1967); *see also United States v. Clardy,* 13 M.J. 308 (C.M.A.1982). Reasoning that the record was insufficient to permit an informed decision on the matter, we directed a limited hearing in accord with *United States v.*

*DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).

The military judge ably developed the complex factual pattern; we adopt his findings of fact 1 through 21 as our own. We now set out those findings, together with copies of the relevant documents (Appendix A); the documents are themselves reproductions and additional copying may lose some fidelity. Be that as it may they will be presented and cross-referenced for reading ease and an A–B–C guide employed to show the reader the exact point being referenced. The military judge found as follows:

1. The OSI [Office of Special Investigations] investigation of the thefts of which the accused was eventually convicted was begun on 14 September 1981 and was not closed until 4 February 1982.

2. On 1 October 1981, OSI went to the accused's residence, advised him of his rights and the nature of the offenses of which he was suspected.

3. On 2 October 1981, the accused was transferred from Indian Springs Air Force Auxiliary Field to Nellis AFB.

4. On 12 November 1981, the accused's term of service under his enlistment of 13 May 1976 and a subsequent six month extension was due to expire. On that date the accused was in Pittsburg, California, on emergency leave.

5. On that same date SMSgt L.R. Heberling and TSgt David Lewis, of the Nellis AFB Consolidated Base Personnel Office, discovered the impending expiration of the accused's service and telephoned him at his leave location. They advised him of the situation and told him to go to Travis AFB to reenlist or extend his current enlistment. They were concerned that the accused would be separated without retirement benefits unless he took steps to stay on active duty.

6. The accused told SMSgt Heberling and TSgt Lewis that he was under investigation at Nellis AFB. They told him that the computer showed no charges pending and showed the accused eligible for reenlistment. They again told him to go to Travis AFB to attend to the matter.

7. There was coordination between the personnel offices at Travis AFB and Nellis AFB in regard to this matter. The Nellis personnel office advised the Travis office that the accused was eligible to reenlist and authorized Travis to proceed with reenlistment.

8. The accused again volunteered that he was under investigation. As a result, TSgt Gene A. Urabe, the Travis AFB Reenlistment and Separations NCOIC, again checked with Nellis AFB to insure the accused eligible to reenlist and was satisfied that it was appropriate to proceed with the reenlistment.

9. Before executing the oath of reenlistment the accused executed AF Form 901, Reenlistment Eligibility Annex to DD Form 4, [Figure 1] and DD Form 4, Enlistment/Reenlistment Document—Armed Forces of the United States (Prosecution Exhibit 2). [Figure 2] The AF Form 901 [Figure 1] was not completely executed. The CBPO action in Section II which calls for a review of the member's records to insure eligibility and also provides for any reenlistment waiver was not executed. [A] The member's action in Section III was executed but not dated. [B] In that section the accused's signature indicates acknowledgement in part A that he was not at that time under investigation by military authorities. [E] The unit commander's action in Section IV is not completed. [C] In that section the commander confirms eligibility and the absence of an investigation. Section V serves as the discharge order. The parties stipulated and the Court has found that this section was never signed. [D]

10. The AF Form 901 is referenced in Item 10 of the DD Form 4 as an additional detail of the reenlistment. [F] Item 15 of the DD Form 4, the acceptance of the applicant on behalf of the Air Force, is not properly executed. [G]

11. Despite the above noted discrepancies the accused was administered an oath of reenlistment at 1500 hours on 12

November 1981 at Travis AFB by Major C.G. May. [H]

12. Within an hour of the reenlistment oath TSgt Urabe received a telephone call and thereafter asked for the accused's copy of the DD Form 4. He advised the accused that his reenlistment was invalid and tore the original and copy in half. Prosecution Exhibit 2 is a copy of the torn forms. [The copies at Figures 1 and 2 reflect such tearing].

13. No separation order, discharge order or discharge certificate was ever accomplished or issued.

14. Prior to these events the accused knew that he was under investigation for theft of government property. He had been informed of this by the OSI when he was questioned on 1 October 1981. He had also consulted a military defense counsel and discussed the matter. He had not, however, been notified in writing by his commander regarding his enlistment ineligibility in accordance with AFR 35–16, Volume I, 25 May 1981, paragraph 6–6b. (Appellate Exhibit II.)

15. In accordance with AFR 35–16, Volume I, 25 May 1981, Table 6–2, item 9 (Appellate Exhibit II), the accused was ineligible to reenlist due to the ongoing OSI investigation.

16. This ineligibility should have been input into the personnel computer as a reenlistment ineligibility code. Such action was not initiated by the Security Police until 24 November 1981 (Prosecution Exhibit 3).

17. On 12 November 1981 a charge of a violation of Article 121, UCMJ, was preferred against the accused and was received on behalf of the officer exercising summary court-martial jurisdiction at 1830 hours the same day.

18. Although the accused's leave address and telephone number were available to the unit commander, he did not inform the accused of the charge until the accused returned from leave on 25 November 1981.

19. In January 1982, 554CSG/DPMQ initiated action under AFR 35–16 to void the accused's reenlistment (Prosecution Exhibit 6).

20. On 22 March 1982, the reenlistment was declared void by the Air Force (Prosecution Exhibit 11). On 29 March 1982 the reenlistment was voided in the Personnel Data System (PDS) and the accused's prior enlistment was extended to 12 May 1982 under AFR 35–10, [sic] paragraph 3–3c and AFM 30–130, Volume I, Table 17–6, Rule 3.

21. AFR 39–10, 3 January 1977, paragraph 3–1, states that although airmen are absolutely entitled to separation from active duty on expiration of term of service, separation from the service is not automatic, and members remain in the service until administrative action is taken to discharge or separate them.

In a supplemental assignment of error appellate defense counsel claim that the military judge exceeded his authority by making conclusions of law. This issue need not detain us long. We will adopt the factual findings of the judge and render our own conclusions, without reference to the conclusions he found. This moots the matter.

■ Armed with these facts, we find that *in personam* jurisdiction existed over the accused. *United States v. Buckingham*, 11 M.J. 184, 187 (C.M.A.1981).

During the *DuBay* hearing, individual defense counsel insisted that the accused's taking of an oath was the single moving act of discharge and reenlistment—the historical "taking of the king's shilling," as it were. Such argument has a surface appeal. However, upon reflection, we reject such claim, finding no magic talisman to the swearing-in portion of the process.

It is immediately evident from AFR 35–16 and the relevant reenlistment documents that *the oath is today but one step in the entire discharge and reenlistment process;* the DD Form 4 must be completed and the conditions precedent met. More specifically, within AFR 35–16 three portions of the directive compel this conclusion. First, paragraph 6–2 provides that:

*When completed,* the DD Form 4, Enlistment/Reenlistment Document—Armed Forces of the United States, becomes a mutually acceptable agreement between the airman and the United States Air Force... *Once completed,* it is a binding agreement by which the airman agrees to meet all aspects of the oath in return for compensation and benefits prescribed for the service concerned (emphasis added).

Second, paragraph 6–11 addresses processing of reenlistees, stating that Table 6–7 governs. Table 6–7 provides, at Step 7, that the unit commander of the reenlistee must confirm reenlistment eligibility by certification in Section IV of the AF Form 901; the table further provides at Step 8 that the Enlisting Officer conducts the reenlistment ceremony on the scheduled day by administering the oath of enlistment and recording the event on the DD Form 4. Third, Table 6–2, Item 9, Conditions Barring Immediate Reenlistment, notes that an applicant is ineligible to reenlist if under investigation by military authority.

Evaluating these provisions, we find it self-evident that the accused was not discharged from his enlistment of May 1976. The so-called "reenlistment" of 12 November 1981 was a nullity. Factually, it was initiated by conscientious personnel officials concerned with protecting the accused's retirement. These events transpired even though the accused—commendably—told personnel at Travis AFB of the investigation in Nevada rendering him ineligible to reenlist.

Despite such activity, we find that the accused was not successfully discharged

from his May 1976 enlistment; to the contrary, he was still bound by that enlistment and its oath. Our decision as to this matter is buttressed by four factors: (1) the data furnished by the accused himself that he was ineligible to reenlist; (2) the three important provisions of AFR 35–16 cited above; (3) the lack of the unit commander's certification of eligibility for reenlistment; and (4) the absence of a discharge order.

It follows that the preferral of charges on 12 November 1981, prior to the expiration of the accused's ongoing enlistment, extended that enlistment. Accordingly, the Air Force had *in personam* jurisdiction over the accused at the time of trial. *See United States v. Barbeau,* 9 M.J. 569, 573 (A.F.C.M. R.1980). *See also United States v. Hout,* 19 U.S.C.M.A. 299, 41 C.M.R. 299 (1970); *United States v. Griffin,* 13 U.S.C.M.A. 213, 32 C.M.R. 213, 32 C.M.R. 213 (1962); *United States v. Noble,* 13 U.S.C.M.A. 413, 32 C.M.R. 413 (1962). *See also* Moyer, Justice and the Military §§ 1–211 and 1–242 (1972).*

■ Finally, the accused raises the matter of sentence appropriateness. The accused is a senior noncommissioned officer who failed in his obligation by stealing in excess of $1,400.00 in property of the United States Government. We find the sentence entirely appropriate.

The findings of guilty and the sentence are

AFFIRMED.

RAICHLE and SNYDER, Judges, concur.

---

\* This court has refused to utilize a simple automatic discharge standard in the parallel area of accused airmen who claim they have become civilians due to "self-executing" orders. *See United States v. Barbeau,* 9 M.J. 569 (A.F.C.M. R.1980). The same analysis and result obtains here.

750

## REENLISTMENT ELIGIBILITY ANNEX TO DD FORM 4

### I. IDENTIFICATION DATA

| NAME (Last, First, Middle) | SOCIAL SECURITY NO | CAFSC | AGE SCORES | | | |
|---|---|---|---|---|---|---|
| | | | MECH | ADMIN | GEN | ELECT |
| FAIRCHILD, RICHARD DELANO | 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 | | | | | |

### II. CBPO ACTION

**A. RECORDS REVIEW**

A review of member's Unit Personnel Record Group and the personnel data system did not reveal any data which would render the member ineligible for reenlistment.

**B. DELAYED REENLISTMENT PROGRAM (DRP)**

Eligibility for reenlistment under the DRP was confirmed by HQ AFMPC/MPCMAR message (number and date)

**C. REENLISTMENT WAIVER**

| REASON FOR WAIVER | AUTHORITY FOR WAIVER |
|---|---|
| N/A | N/A |

| DATE | TYPED NAME AND GRADE OF CBPO REPRESENTATIVE | SIGNATURE OF CBPO REPRESENTATIVE |
|---|---|---|
| | | |

### III. MEMBER ACTION

**A. ACKNOWLEDGEMENT**

I acknowledge that I am not now involved in, or a party to, or connected with, any military or civil court action (other than civil suit); not under investigation by military or civilian authorities; have not declined a PCS or TDY assignment; and have not refused retraining.

**B. MEDICAL STATEMENT**

I do not now have any medical condition or problem which would preclude my assignment anywhere in the world.

**C. REENLISTMENT GUARANTEE**

Based on written documentation, the following reenlistment guarantee is noted. (Member initials appropriate block):

| | Approved for retraining in AFSC_____ per AFR 39-4. |
|---|---|
| | Approved for lateral retraining in AFSC_____ per AFR 39-4. |
| | Approved for _____ (AECP, OTS, ETC.) training program that leads to an Air Force commission. |
| | Approved for an in-place base of preference (BOP) assignment according to AFR 39-11. |
| | Approved for a BOP assignment to _____ according to AFR 39-11 |
| RDF | No reenlistment guarantee made. |

**CERTIFICATION BY MEMBERS AUTHORIZED REENLISTMENT BONUS**

I have been advised of, understand and agree to the conditions which may (1) terminate my continued entitlement to unpaid bonus installments and (2) cause portion of advance bonus payments to be recouped. I also understand that as a result of my entitlement to and receipt of the bonus, my new obligated service commitment for bonus purposes is for __N/A__ years, and __N/A__ months.

(Member's Initials) RDF

| DATE | TYPED NAME AND GRADE OF MEMBER | SIGNATURE OF MEMBER |
|---|---|---|
| | RICHARD DELANO FAIRCHILD, SMSGT, USAF | Richard D. Fairchild |

### IV. UNIT COMMANDER ACTION

Member is eligible for reenlistment. Member is not under investigation by military or civilian authorities, pending civil court charges, or pending punishment under the UCMJ.

| DATE | TYPED NAME AND GRADE OF COMMANDER | SIGNATURE OF COMMANDER |
|---|---|---|
| | | |

### V. DISCHARGE ORDER

The above named individual is discharged from the United States Air Force effective __11 NOV 81__ for the sole purpose of immediate reenlistment or __12 NOV 81__. Authority: AFR 39-10.

| SPECIAL ORDER NO. |
|---|
| PB- |

| DATE | TYPED NAME AND GRADE OF CBPO AUTHENTICATING OFFICIAL | SIGNATURE OF CBPO OFFICIAL |
|---|---|---|
| | | |

FIGURE 2

## ENLISTMENT/REENLISTMENT DOCUMENT — ARMED FORCES OF THE UNITED STATES

**A.** IDENTIFICATION DATA

| 1. NAME (Last - First - Middle - Jr - Sr - etc.) | | 2. SSAN | 3. DATE OF ENL/REENL | 4. GRADE |
|---|---|---|---|---|
| FAIRCHILD, RICHARD DELANO | | 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 | 12 NOV 1981 | SMSGT E-8 791101 |

| 5. HOME OF RECORD (City, State, ZIP Code) | 6. PLACE OF ENLISTMENT/REENLISTMENT |
|---|---|
| PITTSBURG, CA 94565 (THDC) | LAS VEGAS, NEVADA |

| 7. DATE OF BIRTH | 8. SELECTIVE SERVICE NO. | 9. PREV MIL SVC UPON ENL/REENL | YEARS | MONTHS | DAYS |
|---|---|---|---|---|---|
| 26 SEP 1936 | ☐ NOT REGISTERED | a. Total Active Military Service | 25 | 11 | 00 |
| | | b. Total Inactive Military Service | 00 | 00 | 00 |

**B.** AGREEMENTS

10. I am enlisting/reenlisting in the United States __AIR FORCE__ on __12 NOV__, 19 __81__

for __2__ years in pay grade __E-8__. The additional details of my enlistment/reenlistment are in Section C

and Annex(es) __AF FORM 901 (ATTACHED)__.

   a.  *FOR ENLISTMENT IN A DELAYED ENTRY/ENLISTMENT PROGRAM (DEP) (Not applicable*

*to the Army or Air National Guard):*  I understand that I will, within _____ days, be ordered to active

duty as a Reservist for _____ years unless I enlist in the Regular Component of the United States _____

_____ for not less than _____ years. My enlistment in the DEP is in a non-pay status
I must maintain my current qualifications and keep my recruiter informed of any changes in my physical
or dependency status, moral qualifications, or mailing address.

   b.  Remarks: *(If "None" so state)*   NONE.

   c.  The agreements in this section and the attached annex(es) are all the promises made to me by the
Government. ANYTHING ELSE ANYONE HAS PROMISED ME IS NOT VALID AND WILL NOT BE
HONORED.
*(Initials of Enlistee/Reenlistee)*

**C.** PARTIAL STATEMENT OF EXISTING UNITED STATES LAWS

11. *FOR ALL ENLISTEES OR REENLISTEES:* Many laws, regulations, and military customs will govern
my conduct and require me to do many things a civilian does not have to do. The following statements are
not promises or guarantees of any kind. They explain some of the present laws affecting the Armed Forces
which I cannot change but which Congress can change at any time.

   a.  My enlistment is more than an employment agreement. As a member of the Armed Forces of the
United States, I will be:

      (1) Required to obey all lawful orders and perform all assigned duties.

      (2) Subject to separation during or at the end of my enlistment. If my behavior fails to meet
acceptable military standards, I may be discharged and given a certificate for less than honorable service,
which may hurt my future job opportunities and my claim for veteran's benefits.

      (3) Subject to the military justice system, which means, among other things, that I may be tried
by military courts-martial.

DD FORM 4/1 REPLACES DD FORMS 4 AND 4C, 1 JUN 75, WHICH ARE OBSOLETE     PAGE 1

FIGURE 2 (CONT'D)

| LAST NAME FAIRCHILD | | | | SSAN 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 |
|---|---|---|---|---|

C. **PARTIAL STATEMENT OF EXISTING UNITED STATES LAWS** *(Continued from page 1)*

(4) Required upon order to serve in combat or other hazardous situations.

(5) Entitled to receive pay, allowances and other benefits as provided by law and regulation.

b. Laws and regulations that govern military personnel may change without notice to me. Such changes may affect my status, pay, allowances, benefits, and responsibility as a member of the Armed Forces REGARDLESS of the provisions of this enlistment/reenlistment document.

In the event of war, my enlistment in the Armed Forces continues until six months after the war ends unless my enlistment is ended sooner by the President of the United States.

12. Military Service Obligation. *(FOR ALL MEMBERS OF THE ACTIVE AND RESERVE COMPONENTS INCLUDING THE NATIONAL GUARD.)*

a. *FOR ALL ENLISTEES AGE 17 THROUGH 25:* If I enlist before my twenty-sixth birthday, I must serve a total of six years. Any part of that service not served on active duty must be served in a Reserve Component unless I am sooner discharged.

b. If I am a member of a Reserve Component of an Armed Force at the beginning of a period of war or national emergency declared by Congress, or if I become a member during that period, my military service may be extended without my consent until six months after the end of that period.

c. As a member of a Reserve Component, in time of war or national emergency declared by the Congress, I may be required to serve on active duty *(other than for training)* for the entire period of the war or emergency and for six months after its end.

d. As a member of the Ready Reserve I may be required to perform active duty or active duty for training without my consent *(other than as provided in paragraph 10 of this enlistment/reenlistment document)* as follows:

(1) In a time of national emergency declared by the President, I may be ordered to active duty *(other than for training)* for not more than 24 consecutive months.

(2) I may be ordered to active duty for 24 months, and my enlistment may be extended so I can complete 24 months of active duty, if:

(a) I am not assigned to or participating satisfactorily in a unit of the Ready Reserve; and

(b) I have not met my Reserve obligation; and

(c) I have not served on active duty for a total of 24 months.

(3) I may be ordered to perform additional active duty for training for not more than 45 days if I have not fulfilled my military service obligation and fail in any year to perform the required training duty satisfactorily. If the failure occurs during the last year of my required membership in the Ready Reserve, my enlistment may be extended until I perform that additional duty, but not for more than 6 months.

(4) When determined by the President that it is necessary to support any operational mission, I may be ordered to active duty for not more than 90 days if I am a member of a selected Reserve unit.

e. Except in time of war or national emergency declared by Congress, I may be transferred to the Standby Reserve, upon my request, if I am not serving on active duty and if my total active duty *(other*

**FIGURE 2 (Cont'd)**

..., I will be entitled to an increase in basic pay of 25 percent from date my enlistment expires to the date of my discharge.

---

## CERTIFICATION AND ACCEPTANCE

My acceptance for enlistment is based on the information I have given in my application for enlistment. If any of that information is false or incorrect, this enlistment may be voided or terminated administratively by the Government or I may be tried by a Federal, civilian or military court and, if found guilty, may be punished.

I CERTIFY THAT I HAVE CAREFULLY READ THIS DOCUMENT. Any questions I had were explained to my satisfaction. I fully understand that ONLY THOSE AGREEMENTS IN SECTION B OF THIS DOCUMENT OR RECORDED ON THE ATTACHED ANNEX(ES) WILL BE HONORED. ANY OTHER PROMISES OR GUARANTEES MADE TO ME BY ANYONE ARE WRITTEN BELOW: *(If none, check "NONE" and initial)*

☒ NONE *RDF*
(Initials of Applicant/Reenlistee)

| 14a. TYPED NAME OF APPLICANT/REENLISTEE | 14b. SIGNATURE OF APPLICANT/REENLISTEE | 14c. DATE SIGNED |
|---|---|---|
| RICHARD DELANO FAIRCHILD | *[signature]* | 12 NOV 81 |

15. On behalf of the United States ___AIR FORCE___, I accept this applicant for enlistment. I have witnessed the signature in item 14b to this document. I certify that I have explained that only those agreements in Section B of this form and in the attached Annex(es) will be honored, and any other promises made by any person are not effective and will not be honored.

| 15a. NAME, GRADE, SSAN AND ORGANIZATION OF SERVICE REPRESENTATIVE (Type or print) | 15b. SIGNATURE OF SERVICE REPRESENTATIVE | 15c. DATE SIGNED |
|---|---|---|
| | *[signature]* | 12 NOV 81 |

---

## CONFIRMATION OF ENLISTMENT OR REENLISTMENT

16. *FOR SERVICE IN A REGULAR OR RESERVE COMPONENT OF THE ARMED FORCES EXCEPT THE ARMY NATIONAL GUARD OR AIR NATIONAL GUARD:*

I, ___RICHARD DELANO FAIRCHILD___, do solemnly swear *(or affirm)* that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; and that I will obey the orders of the President of the United States and the orders of the officers appointed over me, according to regulations and the Uniform Code of Military Justice. So help me God.

DD FORM 473
1 JUN 78

REPLACES DD FORMS 4 AND 4C, 1 JUN 76, WHICH ARE OBSOLETE.
DD FORM 4, PRIVACY ACT STATEMENT, 28 SEP 76, IS OBSOLETE.

PAGE 8

FIGURE 2 (Cont'd)

| LAST NAME | SSAN |
|---|---|
| FAIRCHILD | 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 |

**E.** CONFIRMATION OF ENLISTMENT OR REENLISTMENT *(Continued from page 3)*

I acknowledge that the above oath has been administered to me and that I have sworn *(or affirmed)* to the same.

| 16a. SIGNATURE OF ENLISTEE/REENLISTEE AND DATE | 16b. SIGNATURE OF ENLISTEE ENLISTED FROM DEP INTO REGULAR COMPONENT AND DATE |
|---|---|
| *12 NOV 19 81* | |

16c. The above oath, as filled in, was administered, subscribed, and duly sworn to *(or affirmed)*

before me on ___12 NOV___ , 19 81 .

| 16d. NAME, GRADE, AND ORGANIZATION OF ENLISTING OFFICER *(Type or print)* | 16e. SIGNATURE OF ENLISTING OFFICER |
|---|---|
| C.G. MAY, MAJOR, USAF | |
| 60 ABG, TRAVIS AFB, CA 94535 | |

17. *FOR ENLISTMENT IN A REGULAR COMPONENT FROM A DELAYED ENTRY/ENLISTMENT PROGRAM:*

I request to be discharged from the Delayed Entry/Enlistment Program and enlisted in the Regular Component of the United States _____ for a period of _____ years effective this date. No changes have been made in my enlistment options OR if changes were made they are recorded on Annex(es) _____ which replace(s) Annex(es) _____ . The information in my "Application for Enlistment – Armed Forces of the United States" *(DD Form 1966)* is accurate as of this date.

| 17a. DATE | 17b. SIGNATURE OF DEP ENLISTEE |
|---|---|
| | |

APPROVAL AND ACCEPTANCE BY SERVICE REPRESENTATIVE

18. This enlistee is discharged from the Reserve Component shown in Item 10 and is accepted for enlistment in the Regular Component of the United States _____ this date, in pay grade E- _____. Applicant served _____ years _____ months _____ days in the DEP. AGREEMENTS IN ITEM 10 AND ATTACHED ANNEX(ES), OR AS MODIFIED IN ITEM 17, REMAIN IN EFFECT.

| 18a. NAME, GRADE, SSAN, AND ORGANIZATION OF SERVICE REPRESENTATIVE *(Type or print)* | 18b. SIGNATURE OF SERVICE REPRESENTATIVE |
|---|---|
| | |

18c. The oath of enlistment in Item 16, as filled in, was readministered, subscribed, and duly sworn to *(or affirmed)* before me on _____ , 19_____ .

| 18d. NAME, GRADE, AND ORGANIZATION OF ENLISTING OFFICER *(Type or print)* | 18e. SIGNATURE OF ENLISTING OFFICER |
|---|---|
| | |

DD FORM 4/4
1 JUN 78

REPLACES DD FORMS 4 AND 4C, 1 JUN 75, WHICH ARE OBSOLETE.
DD FORM 4, PRIVACY ACT STATEMENT, 26 SEP 75, IS OBSOLETE.

PAGE 4