## UNITED STATES

### v.

### Staff Sergeant Cary B. FAIRCHILD, FR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, United States Air Force.

### ACM 28892.

U.S. Air Force Court of Military Review.

Sentence Adjudged 7 Aug. 1990.

Decided 20 Nov. 1991.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens and Captain Beverly B. Knott.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr. and Lieutenant Colonel Brenda J. Hollis.

Before HODGSON, McLAUTHLIN and JAMES, Appellate Military Judges.

## OPINION OF THE COURT

JAMES, Judge:

This case illustrates the waste of appellate resources caused by inadequate records. Staff Sergeant Fairchild pleaded guilty to using and possessing cocaine and using and distributing methamphetamine, all between 1 October 1988 and 31 March 1989.[1] Appellate defense counsel argue that the court-martial lacked personal jurisdiction over the appellant because the offenses occurred during a prior enlistment. The charge sheet and personal data sheet, submitted by the government during sentencing, show that the appellant's prior enlistment ended on 30 November 1989 and that his current term of service did not begin until 1 December 1989. He was tried on 7 August 1990.

▪ Military jurisdiction to try a servicemember for an offense in his prior enlistment is lost in many instances when he is discharged and his service is interrupted, *United States ex rel. Hirschberg v. Cooke*, 336 U.S. 210, 69 S.Ct. 530, 93 L.Ed. 621 (1949), and such an error is not waived by silence at trial, R.C.M. 907(b)(1)(A).

A court-martial organized under the laws of the United States is a court of special and limited jurisdiction. * * * To give effect to its sentences *it must appear affirmatively and unequivocally* that the court was legally constituted; *that it had jurisdiction;* that all the statutory regulations governing its proceedings

had been complied with, and that its sentence was conformable to law.

*Runkle v. United States,* 122 U.S. 543, 555–56, 7 S.Ct. 1141, 1145–46, 30 L.Ed. 1167 (1887) (emphasis added). However, military jurisdiction continues when the accused was discharged early, solely for the purpose of reenlistment and his military status remained uninterrupted, *United States v. Clardy,* 13 M.J. 308 (C.M.A.1982). *See* Article 3(a), UCMJ, 10 U.S.C. § 803(a) (1988); R.C.M. 202(a), discussion (2)(B)(ii).

▪ The assignment is without merit because the underlying facts do not support it, though the record does not show that. In response to the appellant's claim, the government supplemented the record by providing copies of appellant's reenlistment contracts. *See United States v. Jones,* 30 M.J. 898, 901–2 (A.F.C.M.R.1990); *United States v. Wheeler,* 27 C.M.R. 981, 985 (A.F.C.M.R.1959), *affirmed,* 10 U.S.C.M.A. 646, 28 C.M.R. 212 (C.M.A.1959). Those records establish that appellant enlisted on 11 September 1987 for 4 years which would have expired in 1991 but that he was discharged early and was reenlisted without any interruption in his service. That is consistent with appellant's stipulation of fact, which proved that, "The accused ... is and at all times relevant to the charge and specifications, has been on continuous active duty...." The government's motion to supplement the record was unopposed, and the accuracy of the documents is undisputed,[2] so the record is now adequate to dispose of the issue. We find that there was no interruption[3] in either appel-

---

1. Article 112a, UCMJ, 10 U.S.C. § 912a (1988). He was sentenced to be discharged from the service with a bad-conduct discharge, 12 months confinement, to forfeit $300.00 pay per month for 12 months, and to be reduced to E–1. The convening authority reduced the forfeitures to $100 per month for 12 months and approved the sentence as modified.

2. Appellee's appellate repairs to the record would have been unnecessary had the parties at trial *detected the ambiguity and eliminated it* then. "Although military judges are no longer required to inquire into subject matter jurisdiction, they should not neglect the matter of personal jurisdiction." *Jones,* 30 M.J. at 902.

3. This is also a matter within the personal knowledge of an appellant: Most servicemembers can be expected to remember reenlistments, though perhaps not to the exact day, and virtually all Air Force personnel who have "a break in service" would remember that fact distinctly because in modern practice such careers are the exceptions, not the norm.

We wrote recently, after this case was briefed, "In the future, when the factual basis that could support an issue is a matter within appellant's knowledge, we will expect appellate counsel to investigate the matter before assigning the error." *United States v. Settle,* 33 M.J. 688, 689 (A.F.C.M.R.1991). That approach should govern the *"Clardy* gap," too.

lant's military status or the jurisdiction to try him under the UCMJ.

The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge HODGSON and Judge McLAUTHLIN concur.

There will be occasions on which appellate defense counsel are confronted with a deficient record but learn that the collateral facts do not support an assignment of error. They then face a dilemma because they must choose between assigning a meritless error and appearing to have overlooked an error. We can ease the dilemma: When a *"Clardy* gap" is found on our review, we will order the government to show cause why the conviction should not be set aside for lack of personal jurisdiction, as we did in *Jones,* 30 M.J. 898, or order a further hearing, as we did in *United States v. Fairchild,* 14 M.J. 918 (A.F.C.M.R.1982), *on further review,* 16 M.J. 746 (A.F.C.M.R.1983), *pet. denied,* 17 M.J. 309 (C.M.A.1984).

Under another approach, which we would applaud, appellate defense counsel may note in the appropriate pleading the facts that close the *"Clardy* gap" to their satisfaction. Such a practice has the commendable result that it preserves the time of this Court from unneeded waste, and it is consistent with the responsibilities of all counsel to expedite litigation. *See* ABA Model Rules of Professional Conduct, rule 3.2 (1983); *accord,* Air Force Rules of Professional Conduct, rule 3.2 (1989). Such a service is, however, a matter wholly within the discretion of counsel. It would not abate the need to supplement the record to close the *"Clardy* gap" to satisfy *Runkle.*