## UNITED STATES

v.

**Staff Sergeant Jesse D. CLARK, FR305–72–9052, United States Air Force.**

**ACM 29777.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 7 Jan. 1992.

Decided 11 Sept. 1992.

Appellate Counsel for the Appellant: Major Alice M. Kottmyer, Major Mary C. Yastishock, and Captain David D. Jividen.

Appellate Counsel for the United States: Colonel Richard L. Purdon, Lieutenant Colonel Jeffery T. Infelise, and Captain David C. Wesley.

Before LEONARD, JAMES, and JOHNSON, Appellate Military Judges.

### OPINION OF THE COURT

LEONARD, Senior Judge:

During our independent review of this case, we discovered that the record did not show jurisdiction over one of appellant's convictions because the offense occurred entirely within a prior enlistment.* We asked the government to show cause why we should not set aside that conviction for a lack of continuing personal jurisdiction over appellant. The government responded to our order with copies of appellant's reen-

listment documents. Additionally, in its reply, the government contends our order was unnecessary because appellant's record contained an adequate inquiry into his jurisdictional status. We disagree.

Unless the exceptions of Article 3(a), UCMJ, 10 U.S.C. § 803(a), apply, the termination of a service member's enlistment and the issuance of a discharge will end personal jurisdiction over that service member even when the individual reenlists immediately following the discharge. *See generally United States v. Clardy*, 13 M.J. 308, 316 (C.M.A.1982); *United States v. Fairchild*, 33 M.J. 970, 971 (A.F.C.M.R. 1991); R.C.M. 202(a) Discussion (2)(B)(ii). However, if a service member reenlists *early*, before the end of the previous enlistment, and receives his discharge solely to reenlist, jurisdiction continues over offenses committed in the prior enlistment. *Clardy*, 13 M.J. at 316; *United States v. Heimer*, 34 M.J. 541, 548 (A.F.C.M.R.1991); *Fairchild*, 33 M.J. at 971; R.C.M. 202(a) Discussion (2)(B)(iii)(b).

The military judge in this case noticed a possible problem with jurisdiction over the offense occurring in appellant's prior enlistment. He inquired into the circumstances of appellant's reenlistment, but he did not go far enough. In the inquiry, appellant stated that his reenlistment was "just a normal reenlistment in the course of [his] military service." He admitted that he came in as an active duty member on the day he reenlisted, took the reenlistment oath, and reenlisted with no break in service. However, the military judge never asked appellant whether the reenlistment came *at* the end of his prior enlistment or *before* the end of that prior enlistment. Consistent with appellant's admissions was the possibility that he came in on the last day of his prior enlistment, received a discharge, and then reenlisted. As we explained above, discharge and reenlistment at the end of a prior enlistment does not

---

* Based on his guilty pleas, a military judge convicted appellant of divers uses of cocaine and wrongful introduction of cocaine onto an Air Force installation. He sentenced appellant to a dishonorable discharge, confinement for 20 months, and reduction to E–1.

continue jurisdiction over offenses committed in the prior enlistment.

In its brief, the government asks us whether we require introduction of reenlistment documents in every case where a charged offense occurs in a prior enlistment. Our answer is: No. However, military judges and trial counsel need to be more alert to this issue. First, in both guilty and not guilty plea cases, they must examine the charge sheet to determine if there is a potential problem with continuing jurisdiction. Second, they must insure that any inquiry conducted by the military judge into continuing jurisdiction is thorough enough to allow us to determine whether an appellant reenlisted following an early discharge to reenlist or whether the appellant received a discharge at the end of his previous enlistment and then immediately reenlisted.

■ The reenlistment documents submitted by the government show appellant's prior enlistment began on 4 February 1985 for 6 years. He reenlisted on 6 November 1990 for 5 years. These documents clearly show appellant's reenlistment occurred about 3 months before the end of his prior enlistment and he received an "early" discharge for the sole purpose of reenlisting. Jurisdiction continued over offenses appellant committed in his prior enlistment. *Heimer,* 34 M.J. at 348.

The approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Judges JAMES and JOHNSON concur.