# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HOLDEN, HOFFMAN, and SULLIVAN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Cadet MARK R. CONLIFFE**
**United States Army, Appellant**

ARMY 20040721

United States Military Academy
West Point, New York
David L. Conn, Military Judge
Colonel Lawrence J. Morris, Staff Judge Advocate (pretrial)
Colonel Robin N. Swope, Staff Judge Advocate (post-trial)

For Appellant: Colonel John T. Phelps, JA; Lieutenant Colonel Kirsten V.C. Brunson, JA; Major Charles A. Kuhfahl, JA; Captain Todd N. George, JA (on brief).

For Appellee: Colonel John W. Miller, JA; Lieutenant Colonel Michele B. Shields, JA; Major Tami L. Dillahunt, JA; Captain W. Todd Kuchenthal, JA (on brief).

31 October 2007

------------------------------------------
OPINION OF THE COURT
------------------------------------------

HOLDEN, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his conditional pleas,[1] of housebreaking (three specifications), conduct unbecoming an officer (five specifications alleging surreptitious videotaping of female cadets in their barracks rooms or in the shower area of a female locker room), and surreptitious videotaping of a woman performing oral sex upon him, in violation of Articles 130, 133, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 930, 933, and 934 [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a dismissal, confinement for eighteen months, and forfeiture of all pay

---

[1] Appellant entered conditional guilty pleas after the military judge denied a defense motion to suppress evidence obtained from appellant's barracks room and a computer server owned by the United States Government.

and allowances for eighteen months.[2]  This case is before our court for review under Article 66, UCMJ.

Appellate defense counsel assert, *inter alia*, appellant's guilty pleas to the housebreaking specifications were improvident.  They claim the underlying offense appellant intended to commit when he entered the female gymnasium locker room and a female cadet's barracks room was conduct unbecoming an officer, a violation of Article 133, UCMJ.  Appellant maintains Article 133, UCMJ, offenses are purely military in nature and, therefore, cannot support a housebreaking conviction under Article 130, UCMJ.  Accordingly, appellant requests we affirm only findings of guilty to the lesser included offense of unlawful entry under Article 134, UCMJ, for the three housebreaking specifications and reassess the sentence.  The defense claim merits discussion but not relief.

Article 133, UCMJ, is not per se a purely military offense.  To determine whether a specific Article 133, UCMJ, offense qualifies as an underlying "criminal offense" under Article 130, UCMJ, the character of the Article 133, UCMJ, offense must be analyzed.  In our examination of appellant's case, we find his underlying Article 133, UCMJ, offenses were not "purely military" in nature; therefore, they sufficiently support his convictions for violation of Article 130, UCMJ.

## FACTS

Appellant was a first class cadet (a senior) at the United States Military Academy (the Academy), scheduled for graduation and commissioning as a second lieutenant in May, 2003.  During the providence inquiry, appellant told the military judge that he began filming women without their knowledge in 2002 when he was walking across the Academy grounds, saw a woman through the window of her barracks room, and noticed her undressing.  The effect of the sun on the woman's window at that time of day prevented her from seeing appellant, so he used a video camera he was carrying to film her undressing.

In the following year, appellant twice unlawfully entered the locker room of an Academy women's varsity sports team, concealed his video camera, and secretly filmed undressed women entering and exiting the shower.  Similarly, he unlawfully entered the barracks room of one of the female cadets he previously filmed in the locker room, hid the video camera in her barracks room, and secretly filmed her

---

[2] Although there was a pretrial agreement, it did not provide a sentence limitation; rather, the parties agreed that six specifications alleging violations of Article 92, UCMJ, would be dismissed in exchange for a stipulation of fact.

changing clothes. Finally, while on leave at his parents' home in Kentucky, appellant had consensual sexual activity with a civilian woman in his bedroom, but filmed her performing oral sex on him without her knowledge or consent.

Appellant saved the surreptitiously created images of the women on his computer and in a shared folder on the Academy computer network. One evening, a fellow cadet was randomly looking through the shared network folders for interesting photographs or video clips. The cadet discovered the video images at issue and recognized one or more of the females depicted. He reported his discovery to his superiors. A command review of appellant's shared folder on the government network revealed the images. Appellant's commander then authorized a search of appellant's barracks room where appellant's digital camera, computer, and various items of computer storage media were seized as evidence.

During the providence inquiry concerning the housebreaking offenses, appellant told the military judge that he accomplished his intended goal in each instance by successfully and secretly filming the women undressed or undressing. Each of the three housebreaking specifications alleged the underlying offense was "utiliz[ing] an imaging device to surreptitiously record the image[s] of [the various victims in the various locations] by hiding a digital video camera in the room, such acts constituting conduct unbecoming an officer and gentleman, therein."

## LAW

### Housebreaking

Housebreaking under Article 130, UCMJ, requires proof of two elements:

(1) That the accused unlawfully entered a certain building or structure of a certain other person; and

(2) That the unlawful entry was made with the intent to commit a criminal offense therein.

*Manual for Courts-Martial, United States* (2002 ed.) [hereinafter *MCM*], Part IV, para. 56b.

Regarding the second element, the *MCM* defines qualifying criminal offenses as: "*Any* act or omission which is punishable by courts-martial, *except* an act or omission constituting a *purely* military offense, is a 'criminal offense.'" *MCM*, Part IV, para. 56c(3) (emphasis added).

3

## Purely Military Offenses

Purely military offenses are those crimes over which courts-martial have exclusive jurisdiction. Rule for Courts-Martial 201(d)(1). An offense is purely military when "by its express terms[,] the statutory prohibition applies only to a 'member of the armed forces.'" *United States v. Marsh*, 15 M.J. 252, 254 (C.M.A. 1983) (quotation in original). "[An] accused's status as a servicemember is an element of [a purely military] offense which, if contested, must be demonstrated to the trier of fact beyond reasonable doubt." *United States v. McGinnis*, 15 M.J. 345, 346 (C.M.A. 1983) (citations omitted). Purely military offenses include desertion, absence without authority (AWOL), disrespect toward or disobedience of superior commissioned or noncommissioned officers, misbehavior before the enemy, dereliction of duty, and failure to obey a lawful general order or regulation. *See United States v. Abdul-Rahman*, 61 M.J. 25, 25-26 (C.A.A.F. 2005) (summary disposition) (affirming conviction of lesser included offense of unlawful entry instead of housebreaking where the purpose of the unlawful entry was to commit a purely military offense: i.e., violation of a lawful general regulation prohibiting drinking alcohol aboard ship).

## Conduct Unbecoming an Officer

The offense of conduct unbecoming an officer under Article 133, UCMJ, requires proof of two elements:

(1) That the accused did or omitted to do certain acts; and

(2) That, under the circumstances, these acts or omissions constituted conduct unbecoming an officer and gentleman.

*MCM*, Part IV, para. 59b.

## DISCUSSION

In asserting Article 133, UCMJ, violations do not satisfy the underlying criminal offense requirement for housebreaking, appellate defense counsel conducted an incomplete analysis.

Appellate defense counsel are correct in asserting "a purely military offense" cannot satisfy the intended criminal offense requirement of the second housebreaking element. It is also true that Article 133, UCMJ, standing alone, does not have a civilian counterpart and proscribes action or behavior that dishonors or disgraces the officer and seriously compromises their character as a gentleman or

their standing as an officer. *See MCM,* Part IV, para. 59c(2). However, criminal offenses cognizable under Article 133, UCMJ, specifically include:

> [A]cts made punishable by any other article, provided these acts amount to conduct unbecoming an officer and a gentleman. Thus, a commissioned officer who steals property violates both this article and Article 121. Whenever the offense charged is the same as a specific offense set forth in this Manual, the elements of proof are the same as set forth in the paragraph which treats that specific offense, *with the additional requirement* that the act or omission constitutes conduct unbecoming an officer and gentleman.

*Id.* (emphasis added).

While some misconduct underlying an Article 133, UCMJ, offense may be purely military in nature, filming women in various stages of undress without their knowledge and consent does not fall within that category. There is nothing exclusively military about such prurient conduct. Status as a member of the armed forces is not an element of a surreptitious filming offense and the offense is not "[without] counterpart in nonmilitary criminal law." *United States v. Fornash*, 2 M.J. 1045, 46 (A.C.M.R. 1976) (quoting *Relford v. Commandant, U.S. Disciplinary Barracks*, 401 U.S. 355, 368-69 (1971)). Indeed, several states prohibit surreptitious filming, including New York,[3] where the housebreaking offenses at issue occurred, and appellant's state of domicile, Kentucky.[4] Thus, a wide range of offenses cognizable under Article 133, UCMJ, may violate both military and civilian law and could be prosecuted under either or both judicial systems.[5]

---

[3] "Stephanie's Law", N.Y. PENAL LAW § 250.40 (Consol. 2007), et. seq. The State of New York enacted "Stephanie's Law" on 12 June 2003, before appellant committed two of the three housebreakings at issue. It became effective 60 days later and classified the very conduct engaged in by appellant as unlawful surveillance in the second degree, a Class E felony. *Id*. at § 250.45.

[4] The Kentucky statutory prohibitions extend beyond secret recordings of sexual activity. The statute also prohibits "the use of any camera . . . or other image recording device for the purpose of observing, viewing, photographing, filming, or videotaping . . . [the] genitals . . . or nipple of the female breast of another person without that person's [knowledge and] consent." KY. REV. STAT. ANN § 531.090 (LexisNexis 2006).

5

Appellant's focus, therefore, on the Article 133, UCMJ, language to the exclusion of the other words of criminality in the housebreaking specifications is misdirected. Our superior court resolved the central issue more than fourteen years ago in a closely analogous case, *United States v. Webb,* 38 M.J. 62 (C.M.A. 1993). In that case, Sergeant Webb hid in a storage room in a building housing female officers so he could see them undressed in the shower area. When a female officer discovered him hiding, he knocked her down and fled. In affirming the conviction for "housebreaking with intent to peep," the court held "the intent which must be proved is the intent to commit *the crime stated in the specification.*" *Id.* at 68-69 (emphasis added).

In appellant's case, the crime stated in the specification is "utiliz[ing] an imaging device to surreptitiously record the image[s] of [the various victims in the various locations] by hiding a digital video camera in the room."[6] The language following next, "such acts constituting conduct unbecoming an officer and gentleman, therein," is surplusage in this case. The crime was adequately described without the additional language; further labeling the crime as conduct unbecoming an officer does not dictate a different legal result.

In the instant case, appellant's use of technology to effect his "peeping"— substituting a concealed video camera for his physical presence—does not alter the fact he merely committed a more modern version of precisely the same offense as Sergeant Webb. Appellant's use of a concealed camera made his crime harder to detect, but the underlying effect is the same. His conduct satisfies the underlying criminal offense requirement of Article 130, UCMJ. Appellant's claim is without merit and we deny the requested relief.

_____

(. . . continued)

[5] "A person subject to the UCMJ who has been tried in a civilian court may, but ordinarily will not, be tried by court-martial or punished under the UCMJ, Art. 15, for the same act over which the civilian court has exercised jurisdiction." Army Reg. 27-10, Legal Services: Military Justice, para. 4-2 (16 Nov. 2005); *United States v. Schneide*r, 38 M.J. 387 (C.M.A. 1993), *cert. denied*, 511 U.S. 1106 (1994) (The Double Jeopardy Clause does not bar one sovereign from proceeding on a charge of which an accused is acquitted by another sovereign).

[6] Appellant does not assert he was improvident to the words of criminality in the housebreaking specifications describing the surreptitious filming.

**DECISION**

We have considered the remaining assignment of error and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find them also to be without merit. The findings of guilty and sentence are affirmed.

Judge HOFFMAN and Judge SULLIVAN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court