UNITED STATES, Appellee

v.

Mark R. CONLIFFE, Cadet
U.S. Army, Appellant

No. 08-0158

Crim. App. No. 20040721

United States Court of Appeals for the Armed Forces

Argued September 22, 2008

Decided January 7, 2009

BAKER, J., delivered the opinion of the Court, in which EFFRON,
C.J., and STUCKY, J., joined.  ERDMANN, J., filed a separate
opinion concurring in part and dissenting in part, in which
RYAN, J., joined.  RYAN, J., also filed a separate opinion
concurring in part and dissenting in part.


Counsel

For Appellant:  Captain Melissa Goforth Koenig (argued); Colonel
Christopher J. O'Brien, Lieutenant Colonel Steven C. Henricks,
and Major Teresa L. Raymond (on brief); Lieutenant Colonel Mark
Tellitocci, Captain Patrick B. Grant, and Captain Sean F.
Mangan.

For Appellee:  Captain Adam S. Kazin (argued); Major Elizabeth
G. Marotta (on brief); Colonel Denise R. Lind, Major Dana E.
Leavitt, and Captain W. Todd Kuchenthal.


Military Judge:  David L. Conn


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Conliffe, No. 08-0158/AR

Judge BAKER delivered the opinion of the Court.

Appellant entered guilty pleas before a military judge sitting as a general court-martial at West Point, New York. Following the providence inquiry, the military judge accepted Appellant's pleas and found Appellant guilty of three specifications of housebreaking, five specifications of conduct unbecoming an officer and a gentleman, and "intentionally us[ing] an image recording device for the purpose of videotaping the sexual conduct of [another] without her consent," in violation of Articles 130, 133, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 930, 933, and 934 (2000), respectively.[1]  The adjudged and approved sentence consisted of confinement for eighteen months, forfeiture of all pay and allowances for eighteen months, and dismissal from the Army. The United States Army Court of Criminal Appeals affirmed. United States v. Conliffe, 65 M.J. 819, 823 (A. Ct. Crim. App. 2007).  We granted review of the following issue:

> WHETHER APPELLANT'S PLEAS OF GUILTY TO THE THREE
> SPECIFICATIONS OF CHARGE II, HOUSEBREAKING, ARE
> IMPROVIDENT WHERE THE INTENDED CRIMINAL OFFENSE UPON
> ENTRY, CONDUCT UNBECOMING AN OFFICER AND GENTLEMAN, IS
> A PURELY MILITARY OFFENSE.

We hold that "conduct unbecoming an officer and gentleman" is a purely military offense for the purposes of an Article 130,

---

[1] The Article 134, UCMJ, specification charged a violation of Ky. Rev. Stat. Ann. § 531.090 (LexisNexis 2002), assimilated under Clause 3 of Article 134, UCMJ.

UCMJ, housebreaking charge.  We therefore reverse the lower

court's decision with respect to Appellant's guilty pleas to

Charge II.  However, for the reasons stated below, we affirm the

lesser included offense of unlawful entry for each of the

offenses under Charge II.

BACKGROUND

The lower court's opinion provides the facts at issue in

this case:

> Appellant was a first class cadet (a senior) at the
> United States Military Academy (the Academy),
> scheduled for graduation and commissioning as a second
> lieutenant in May, 2003. . . .
>
> [In 2003], appellant twice unlawfully entered the
> locker room of an Academy women's varsity sports team,
> concealed his video camera, and secretly filmed
> undressed women entering and exiting the shower.
> Similarly, he unlawfully entered the barracks room of
> one of the female cadets he previously filmed in the
> locker room, hid the video camera in her barracks
> room, and secretly filmed her changing clothes.
> Finally, while on leave at his parents' home in
> Kentucky, appellant had consensual sexual activity
> with a civilian woman in his bedroom, but filmed her
> performing oral sex on him without her knowledge or
> consent.
>
> . . . .
>
> During the providence inquiry concerning the
> housebreaking offenses, appellant told the military
> judge that he accomplished his intended goal in each
> instance by successfully and secretly filming the
> women undressed or undressing.  Each of the three
> housebreaking specifications [to Charge II] alleged
> the underlying offense was "utiliz[ing] an imaging
> device to surreptitiously record the image[s] of [the
> various victims in the various locations] by hiding a
> digital video camera in the room, such acts

> constituting conduct unbecoming an officer and
> gentleman, therein."

Conliffe, 65 M.J. at 820-21 (alterations in original).

During the plea inquiry, the military judge provided

Appellant with the elements of both housebreaking and of conduct

unbecoming an officer and a gentleman:

> In order to plead guilty to these offenses, you
> must admit and agree, without reservation, that
> your conduct constituted the following elements:
>
> One, that on 3 May 2003, at or near West Point,
> New York, you unlawfully entered the barracks
> room of Cadet [LB]; and on two separate
> occasions, on 29 and 31 July 2003, you unlawfully
> entered the U.S. Military Academy women's' [sic]
> basketball team dressing room, the property of
> the United States Army; and
>
> Two, that the unlawful entry was made with the
> intent to commit therein the criminal offense of
> using a digital imaging device to surreptitiously
> record images of Cadet [LB] in her barracks room
> in the first instance, and the members of the
> U.S. Military Academy [women's] basketball team
> in their locker room, a crime constituting
> conduct unbecoming an officer and gentleman under
> Article 133, UCMJ.
>
> . . . .
>
> These elements of conduct unbecoming an officer
> and gentleman are:
>
> That you did certain acts; that is, you used an
> imaging device to surreptitiously record the
> image of Cadet [LB], or members of the United
> States Military Academy basketball team in their
> locker room, by hiding a digital video camera in
> the rooms; and

> Two, that under the circumstances, these acts
> constituted conducted [sic] unbecoming an officer
> and gentleman.
>
> "Conduct unbecoming an officer and gentleman"
> means behavior in an official capacity which is
> dishonoring or disgracing an individual as a
> cadet, which seriously detracts from your
> character as a gentleman, or behavior in an
> unofficial or private capacity which dishonors or
> disgraces you personally, or seriously detracts
> from your standing as a cadet.
>
> "Unbecoming conduct" means behavior more serious
> than slight, and of a material and pronounced
> character.  It means conduct morally unfitting
> and unworthy, rather than inappropriate or
> unsuitable.  It is misbehavior which is more than
> opposed to good taste or propriety.

The military judge also advised Appellant that he should plead guilty only to the lesser included offense of unlawful entry if he did not enter with the intent to commit a crime within:

> If you admit that you unlawfully entered the
> barracks room, or the locker rooms, on these
> occasions, but did not do so with the specific
> intent of hiding a digital video camera to
> surreptitiously record the images of these
> females, but perhaps later developed the intent
> once inside, you would not be guilty of
> housebreaking, but instead, only of the lesser-
> included offense of unlawful entry, which is a
> much less serious offense, amounting to a
> criminal trespass.  In contrast to housebreaking,
> which has a maximum punishment including 5 years'
> confinement, unlawful entry permits only a
> maximum punishment of 6 months' confinement.  So
> if you do not freely and readily admit that you
> had the intent to commit the crime alleged when
> you entered these rooms, you should not plead
> guilty to housebreaking, but instead, plead
> guilty to unlawful entry.

The military judge then engaged in a colloquy with Appellant regarding the three specifications of Charge II. When discussing Specification 1, the military judge's dialogue with Appellant consisted of the following:

MJ: Do you believe that under the circumstances, that your actions that you intended inside this room would be conduct unbecoming an officer and gentleman?

ACC: Yes, sir.

MJ: Why do you believe that?

ACC: Well, actions such as this completely destroys [sic] the trust between two people; it is morally reprehensible, to say the least. It's not the type of behavior that an officer would do.

MJ: So you agree that this would detract from your status as a cadet, an officer candidate, essentially?

ACC: Yes, sir.

MJ: And as a gentleman, as it is traditionally defined -- a person of character?

ACC: Yes, sir.

When discussing Specification 2, the military judge asked Appellant:

MJ: Again, do you believe your intended conduct in this instance would be conduct unbecoming to an officer and gentleman?

ACC: Yes, sir, I do.

MJ: Why is that?

ACC: Again, it breaks the trust, and it brings discredit upon myself as a cadet, as well as the Army that I represent.

6

Finally, the military judge questioned Appellant about Specification 3:

MJ: [D]o you believe that under the circumstances here, on the 31st of July 2003, your conduct was unbecoming an officer and gentleman?

ACC: Yes, sir. Again, this conduct brings discredit upon myself as a cadet.

MJ: And it detracts from your status as a future officer, is that right?

ACC: Yes, sir.

## DISCUSSION

A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion. United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F. 2008). It is an abuse of discretion if the military judge fails to obtain from the accused an adequate factual basis to support the plea. Id. at 321-22. In addition, it is an abuse of discretion if the military judge's ruling is based on an erroneous view of the law. Id. at 322. While an appellate court reviews questions of law de novo, military judges are afforded broad discretion in whether or not to accept a plea. Id. This discretion is reflected in appellate application of the substantial basis test: "Does the record as a whole show 'a substantial basis in law or fact for questioning the guilty plea.'" Id. (quoting United States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991) (quotation marks omitted)).

I.   Housebreaking

An accused "who unlawfully enters the building or structure of another with intent to commit a criminal offense therein is guilty of housebreaking."  Article 130, UCMJ.  It follows that the second element of housebreaking, the element at issue here, "requires a specific intent to enter with the intent to commit [a criminal] offense."  United States v. Peterson, 47 M.J. 231, 235 (C.A.A.F. 1997).  The Manual for Courts-Martial defines a "criminal offense" as "[a]ny act or omission which is punishable by courts-martial, except an act or omission constituting a purely military offense."  Manual for Courts-Martial, United States pt. IV, para. 56.c(3) (2002 ed.) (MCM).  As such, an act or omission identified as a purely military offense cannot form the basis for the underlying criminal offense required in a housebreaking charge.  We must therefore decide whether Appellant pleaded guilty to an act or omission constituting a purely military offense.

The three specifications of Charge II describe specific acts Appellant engaged in to surreptitiously capture images of women without their knowledge.  However, in addition to this descriptive conduct, the specifications link each act directly to Appellant's compromising his status as an officer and a gentleman.  The charge sheet describes the surreptitious

videotaping as "acts constituting conduct unbecoming an officer and gentleman."

The military judge made the same link during his plea inquiry. First, the military judge described the elements of housebreaking to Appellant, indicating that Appellant must admit and agree that he unlawfully entered with the intent to surreptitiously record images, "a crime constituting conduct unbecoming an officer and gentleman under Article 133, UCMJ." Second, the military judge explained the two elements necessary to prove conduct unbecoming an officer and a gentleman. Finally, in concluding his inquiry on this charge, the military judge asked Appellant if he believed that his conduct constituted conduct unbecoming an officer and a gentleman. The military judge's focus on Article 133, UCMJ, demonstrates his understanding that Appellant's compromise of his status as an officer and a gentleman, rather than Appellant's act of surreptitious videotaping, formed the underlying offense in the housebreaking charge.

In United States v. Webb, this Court held that to satisfy the underlying criminal offense element of housebreaking an accused must possess the "intent to commit the crime stated in the specification." 38 M.J. 62, 68-69 (C.M.A. 1993). In this case, the plain language of the specifications, as well as the military judge's colloquy with Appellant, demonstrates that the

underlying offense in Appellant's case was the offense of engaging in conduct unbecoming an officer and a gentleman, an Article 133, UCMJ, violation.  As a result, the essential inquiry is not whether surreptitious videotaping has a civilian counterpart, and thus is not a "purely military offense," but whether conduct unbecoming an officer and a gentleman is a purely military offense.

## II.  Purely Military Offense

In light of the military judge's acceptance of Appellant's guilty plea to housebreaking based on the underlying offense of conduct unbecoming an officer and a gentleman, the question becomes whether a violation of Article 133, UCMJ, constitutes a purely military offense for the purposes of Article 130, UCMJ.

"Any commissioned officer, cadet, or midshipman who is convicted of conduct unbecoming an officer and a gentleman shall be punished as a court-martial may direct."  Article 133, UCMJ. The elements of Article 133 are:

(1)  That the accused did or omitted to do certain acts; and

(2)  That, under the circumstances, these acts or omissions constituted conduct unbecoming an officer and gentleman.

United States v. Boyett, 42 M.J. 150, 152 n.2 (C.A.A.F. 1995) (quoting MCM pt. IV, para. 59.b.).  The focus of Article 133, UCMJ, is the effect of the accused's conduct on his status as an officer, cadet, or midshipman:

10

United States v. Conliffe, No. 08-0158/AR

> [T]he essence of an Article 133 offense is not whether
> an accused officer's conduct otherwise amounts to an
> offense . . . but simply whether the acts meet the
> standard of conduct unbecoming an officer. . . . [T]he
> appropriate standard for assessing criminality under
> Article 133 is whether the conduct or act charged is
> dishonorable and compromising . . . this
> notwithstanding whether or not the act otherwise
> amounts to a crime.

United States v. Giordano, 15 C.M.A. 163, 168, 35 C.M.R. 135, 140 (1964).  A violation of Article 133, UCMJ, necessarily requires proof that the accused is a "commissioned officer, cadet, or midshipman" because the conduct must have disgraced or dishonored the accused in his or her official capacity.  See Article 133, UCMJ; see also MCM pt. IV, para. 59.c(2); United States v. Taylor, 23 M.J. 314, 318 (C.M.A. 1987) ("The test [for Article 133, UCMJ] is whether the conduct has fallen below the standards established for officers."); United States v. Marsh, 15 M.J. 252, 253-54 (C.M.A. 1983) (finding that unauthorized absence is a "peculiarly military" offense, or an offense "to which disputed factual issues about the accused's status as a servicemember must be decided by the trier of fact as part of the determination of guilt or innocence and as to which the Government bears the burden of proof beyond reasonable doubt" and which "by its express terms, the statutory prohibition applies only to a member of the armed forces") (quotation marks omitted).  It ineluctably follows that Article 133, UCMJ, is a purely military offense when it constitutes the underlying

11

criminal offense for housebreaking.  Only a commissioned

military officer, cadet, or midshipman can commit the offense

and it is only a court-martial that has jurisdiction to

prosecute such an offense.  Giordano, 15 C.M.A. at 168, 35

C.M.R. at 140 ("Conduct unbecoming an officer has long been

recognized as a military offense . . . .").  Article 133, UCMJ,

therefore cannot serve as the underlying criminal offense in a

housebreaking charge.[2]

---

[2] The Government argues that an Article 133, UCMJ, violation
cannot be a purely military offense because while both Articles
133 and 134, UCMJ, require proof of unique military concepts,
i.e., conduct unbecoming an officer and a gentleman and either
service discrediting conduct or conduct prejudicial to good
order and discipline, the underlying conduct proscribed in these
articles could have a civilian analog.  There are two problems
with this argument.  First, in this case, Appellant was
expressly charged with conduct unbecoming an officer and a
gentleman as the underlying offense and not just voyeurism.  It
was on that basis that his plea was taken.  Second, whereas the
military "preemption doctrine" bars the government from charging
an accused under Article 134(1), UCMJ, and Article 134(2), UCMJ,
for conduct that is appropriately charged under an enumerated
article, this same doctrine does not apply to Article 133, UCMJ.
See United States v. Erickson, 61 M.J. 230, 233 (C.A.A.F. 2005)
("For an offense to be excluded from Article 134 based on
preemption it must be shown that Congress intended the other
punitive article to cover a class of offenses in a complete
way.").  While we decline to decide today whether an Article
134, UCMJ, offense can serve as the underlying criminal offense
in a housebreaking charge, we note that Articles 133 and 134,
UCMJ, contain at least one significant difference.  An accused
can be charged with either an Article 133, UCMJ, offense or the
enumerated punitive article based on the same underlying
conduct, provided the conduct is, in fact, unbecoming an officer
and a gentleman.  United States v. Palagar, 56 M.J. 294, 296
(C.A.A.F. 2002).  In short, Article 133, UCMJ, addresses the
purely military nature of the conduct in question.

III.  Lesser Included Offense of Unlawful Entry

The question now presented is whether we may nonetheless affirm the lesser included offense of unlawful entry in this case.  "Any reviewing authority with the power to approve or affirm a finding of guilty may approve or affirm, instead, so much of the finding as includes a lesser included offense." Article 59(b), UCMJ, 10 U.S.C. § 859(b) (2000); United States v. Medina, 66 M.J. 21, 24 (C.A.A.F. 2008).  "An accused may be found guilty of an offense necessarily included in the offense charged . . . ."  Article 79, UCMJ, 10 U.S.C. § 879 (2000).

> Where an offense is a lesser included offense of the
> charged offense, an accused is by definition on notice
> because it is a subset of the greater offense alleged.
> However, where a distinct offense is not inherently a
> lesser included offense, during the guilty plea
> inquiry the military judge or the charge sheet must
> make the accused aware of any alternative theory of
> guilt to which he is by implication pleading guilty.

Medina, 66 M.J. at 27.  However, "an accused has a right to know to what offense and under what legal theory he or she is pleading guilty.  This fair notice resides at the heart of the plea inquiry."  Id. at 26.  "The providence of a plea is based not only on the accused's understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts."  Id.

The elements of an unlawful entry offense are:

(1)  That the accused entered the real property of
     another or certain personal property of another

13

> which amounts to a structure usually used for habitation or storage;

    (2)   That such entry was unlawful; and

    (3)   That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

United States v. Davis, 56 M.J. 299, 302 n.4 (C.A.A.F. 2002) (quoting MCM pt. IV, para. 111.b.). The MCM expressly states that an unlawful entry violation under Article 134, UCMJ, is a lesser included offense to a housebreaking charge under Article 130, UCMJ. MCM pt. IV, para. 56.d(1). The first two elements of unlawful entry are subsumed within the first element of housebreaking, which expressly requires that the accused "unlawfully entered" a certain location. MCM pt. IV, para. 56.b(1). The third element required for unlawful entry is inherently included within the second element of housebreaking.

As mentioned above, housebreaking requires that the accused entered with the intent to commit a "criminal offense" therein. MCM pt. IV, para. 56.b(2). Article 134, UCMJ, punishes, inter alia, conduct "which is or generally has been recognized as illegal under the common law or under most statutory criminal codes." United States v. Davis, 26 M.J. 445, 448 (C.M.A. 1988). "[S]uch activity, by its unlawful nature, tends to prejudice good order or to discredit the service." Id. Therefore, by entering without authority and possessing the intent to commit

14

an offense punishable under the UCMJ, the accused has engaged in service discrediting or prejudicial conduct. See Davis, 56 M.J. at 301; MCM pt. IV, para. 56.d(1).

The question we have to answer is whether Appellant understood that, in pleading guilty to the housebreaking offenses, he was also voluntarily and knowingly pleading guilty to the lesser included offense of unlawful entry, and in so doing, relinquishing his constitutional right to contest that offense. Medina, 66 M.J. at 26-27 ("It bears emphasis that this is a question about the knowing and voluntary nature of the plea and not the adequacy of the factual basis supporting the plea."). In this case, Appellant was "by definition on notice" that unlawful entry is a lesser included offense of housebreaking "because it is a subset of the greater offense alleged." Id. at 27. Further, the military judge advised Appellant that he had the option of only pleading guilty to unlawful entry if Appellant did not possess the criminal intent required for housebreaking. While the military judge did not provide the specific elements of unlawful entry to Appellant, the military judge defined unlawful entry and put Appellant on notice of this alternative theory of guilt.

The closer question is whether Appellant knowingly provided sufficient factual admissions to affirm the lesser included offense. Appellant's admissions clearly satisfy the first and

15

second elements of unlawful entry.  He admitted to entering the personal barracks room of a fellow cadet and the public women's locker room without permission or authorization.

The third element of service discrediting conduct presents a marginally closer call.  On the one hand, Appellant admitted during the providence inquiry that his intended conduct brought "discredit on [himself] as a cadet, as well as the Army that [he] represent[s]."  On the other hand, Appellant was not apprised at this point that his use of the word "discredit" to describe his conduct as an officer and a gentleman was also an admission to service discrediting conduct for the purposes of Article 134(2), UCMJ.

In our view, in the context of this case, Appellant was on fair notice that his admission to discredit in the context of pleading guilty to conduct unbecoming an officer and a gentleman amounted to an admission to discrediting conduct for the purposes of unlawful entry.  First, the military judge placed him on explicit notice that unlawful entry was a lesser included offense to housebreaking.  Second, as a matter of law and logic, discredit is encompassed within the concept of conduct unbecoming an officer and a gentleman, to which Appellant readily pleaded.  "'As a matter of law, it is well-established that, when the underlying conduct is the same, a service discredit or disorder under Article 134 is a lesser-included

16

offense of conduct unbecoming an officer under Article 133.'"
United States v. Cherukuri, 53 M.J. 68, 71 (C.A.A.F. 2000)
(quoting United States v. Harwood, 46 M.J. 26, 28 (C.A.A.F.
1997)); see also United States v. Rodriquez, 18 M.J. 363, 368-69
n.4 (C.M.A. 1984) (citing William Winthrop, Military Law and
Precedents 383-85, 719 (2d ed., Government Printing Office 1920
(1895))).  "We have repeatedly held that conduct unbecoming an
officer rationally entails a higher level of dishonor or
discredit than simple prejudice to good order and discipline."
Cherukuri, 53 M.J. at 71.  Thus, when a servicemember engages in
conduct unbecoming an officer and a gentleman, he or she also
necessarily engages in service discrediting conduct or conduct
prejudicial to good order and discipline.  Rodriquez, 18 M.J. at
369 ("[T]he disorder or discredit element of [Article 134, UCMJ]
is necessarily included within the element of disgrace required
by [Article 133, UCMJ].").  For this reason, our decision today
is not inconsistent with the admonition in Medina:  "an accused
has a right to know to what offense and under what legal theory
he or she is pleading guilty."  Medina, 66 M.J. at 26.
Moreover, while Medina addressed the interplay, if any, between
the separate clauses of Article 134, UCMJ, generally, our
analysis today is narrowly focused on one question:  The
relation between the second element of housebreaking and the
third element of the lesser included offense of unlawful entry

17

presented in Appellant's case. While Appellant pleaded guilty to housebreaking, he was also on fair constructive notice that he was pleading guilty to the lesser included offense of unlawful entry. Id. at 27. Further, in military law conduct unbecoming an officer and a gentleman necessarily encompasses service discrediting conduct. We therefore affirm the lesser included offense of unlawful entry for the three specifications under Charge II.

## DECISION

The decision of the United States Army Court of Criminal Appeals is reversed with respect to Charge II and the specifications thereunder and the sentence. We affirm only so much of Charge II and its specifications that extend to findings of guilty to the lesser included offense of unlawful entry in violation of Article 134, UCMJ, 10 U.S.C. § 934 (2000). The remaining findings are affirmed. However, the record is returned to the Judge Advocate General of the Army for remand to the Court of Criminal Appeals for reassessment of the sentence in light of our action on the findings.

United States v. Conliffe, No. 08-0158/AR

ERDMANN, Judge, with whom RYAN, Judge, joins (concurring in part and dissenting in part):

I agree with the majority that the offense of conduct unbecoming an officer and a gentleman under Article 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 933 (2000), is a purely military offense and cannot serve as the underlying criminal offense for a housebreaking charge under Article 130, UCMJ, 10 U.S.C. § 930 (2000). See Manual for Courts-Martial, United States pt. IV, para. 56.c(3) (2002 ed.) (MCM). I do not agree that unlawful entry under Article 134(1) or (2), UCMJ, 10 U.S.C. § 934(1), (2) (2000), may be affirmed as a lesser included offense under the circumstances of this case. To do so is to retreat from our recent decision in United States v. Medina, 66 M.J. 21 (C.A.A.F. 2008). I read Medina differently than does the majority and believe that case represents a departure from this court's prior practice of assuming that clauses 1 and/or 2 of Article 134, UCMJ, are inherently, necessarily, implicitly or constructively lesser included concepts of other offenses, including the enumerated offenses. The effect of the majority opinion is to revive those concepts as a basis for finding lesser included offenses.

Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000), empowers a military appellate court "to approve or affirm . . . so much of the finding as includes a lesser included offense." The test

for determining whether one offense is a lesser included offense of another is the "elements test" which is "'conducted by reference to the statutory elements of the offenses in question, and not, as the inherent relationship approach would mandate, by reference to conduct proved at trial regardless of the statutory definitions.'" Id. at 24-25 (emphasis omitted in original) (quoting United States v. Schmuck, 489 U.S. 705, 716-17 (1989)). A comparison of the textual elements of housebreaking under Article 130, UCMJ, and those of unlawful entry under Article 134, UCMJ, reveals that conduct "to the prejudice of good order and discipline in the armed forces" and "conduct of a nature to bring discredit upon the armed forces" are not subsets of the textual elements of Article 130, UCMJ, housebreaking.

Since the unique elements of clauses 1 and 2 of Article 134, UCMJ, are not a subset of the elements of housebreaking, under our pre-Medina precedent the inquiry would turn to whether those clause 1 and 2 elements are "implicit" in the offense of housebreaking. See United States v. Foster, 40 M.J. 140, 143 (C.M.A. 1994). I question whether, after Medina, the concept of "implicit" elements has continuing validity in this court's jurisprudence. If it does have continuing validity, I disagree with the majority's conclusion that "[t]he third element required for unlawful entry is inherently included within the second element of housebreaking." United States v. Conliffe, __

2

M.J. __ (14) (C.A.A.F. 2008). I do not find "prejudicial to good order and discipline" or "of a nature to bring discredit upon the armed forces" inherent within housebreaking's requirement that "the unlawful entry was made with the intent to commit a criminal offense therein." MCM pt. IV, para. 56.b(2).

The second element of housebreaking is fulfilled by "any act or omission punishable by courts-martial, except an act or omission constituting a purely military offense." Id. at para. 56.c(3) (emphasis added). The scope of this element includes, inter alia, offenses punishable under clause 3 of Article 134, UCMJ. As we concluded in Medina, "[C]lauses 1 and 2 are not necessarily lesser included offenses of offenses alleged under clause 3." 66 M.J. at 26. This conclusion from Medina makes clear that not all offenses punishable by court-martial inherently contain clause 1 or 2 lesser included offenses. Therefore, while the second element of housebreaking may, under appropriate circumstances, allege an offense encompassing clauses 1 and 2 of Article 134, UCMJ, those clauses are not inherently included in housebreaking itself.

The majority also finds that Conliffe "was also on fair constructive notice that he was pleading guilty to the lesser included offense of unlawful entry" and therefore the dictates of Medina that "an accused has a right to know to what offense and under what legal theory he or she is pleading guilty" were

3

satisfied.  Conliffe, __ M.J. at ___ (17-18) (citing Medina, 66 M.J. at 26, 27) (quotation marks omitted).  I disagree that the nature of the specification in this case gave Conliffe fair notice that in pleading guilty to the enumerated offense of housebreaking he was also pleading guilty to conduct encompassed by either clause 1 or clause 2 of Article 134, UCMJ.  The specification on the charge sheet provided no such notice.  "Constructive notice" that Conliffe was pleading guilty to a separate offense is a significant retreat from our position in Medina.

   The only reference to unlawful entry in this case was when the military judge stated that absent a contemporaneous specific intent to commit a criminal offense when Conliffe unlawfully entered the barracks and locker room, he would be guilty of only the lesser included offense of unlawful entry.  However, the military judge did not further discuss or explain the elements of unlawful entry, nor did he create a record upon which this court could base a conclusion that Conliffe knew and understood that his plea encompassed the unique clause 1 or 2 elements of unlawful entry.

   Finally, I would not find that Conliffe was given fair notice of the clause 1 or 2 elements by virtue of the "conduct unbecoming an officer and gentleman" language in the specification.  Article 133, UCMJ, and clause 2 of Article 134,

4

UCMJ, each encompasses a form of injury that is substantively different. "Conduct unbecoming" as used in Article 133, UCMJ, is personal to the accused -- the conduct "dishonors or disgraces the person as an officer"; it "compromises the officer's character as a gentleman"; it "dishonor[s] or disgrace[es] the officer personally"; or it "seriously compromises the person's standing as an officer." MCM pt. IV, para. 59.c(2) (emphasis added).

In contrast, "discredit" as used in Article 134(2), UCMJ, has a much different meaning: "'Discredit' means to injure the reputation of. This clause of Article 134 makes punishable conduct which has a tendency to bring the service into disrepute or which tends to lower it in public esteem." Id. at para. 60.c(3) (emphasis added). I find nothing in the specification itself or in the record to indicate that Conliffe was on notice of this distinction and therefore "[knew] to what offense and under what legal theory he . . . [was] was pleading guilty" in order to permit this court to affirm the offense of unlawful entry as a lesser included offense. Medina, 66 M.J. at 27.[1]

---

[1] The majority notes a number of this court's earlier cases have concluded that "service discredit or disorder under Article 134 is a lesser-included offense of conduct unbecoming an officer under Article 133." Conliffe, __ M.J. at __ (16-17) (quoting United States v. Cherukuri, 53 M.J. 68, 71 (C.A.A.F. 2000) (quotation marks omitted). However, in addition to the distinct nature of the discredit involved in the two offenses, Medina undermines if not eliminates the premise of these cases that

I do not find unlawful entry to be a "subset" offense of housebreaking or inherently included in housebreaking. Conliffe was not given fair notice by either the specification or providence inquiry that his plea to housebreaking would also constitute a guilty plea to all the elements of unlawful entry. I therefore dissent from that portion of the majority opinion that affirms unlawful entry as a lesser included offense. I would set aside the findings of housebreaking and the sentence, affirm the remaining findings, and authorize a rehearing on the sentence.

---

discredit and disorder under Article 134, UCMJ, are "necessarily" included within the individual discredit or disgrace required under Article 133, UCMJ. Medina makes clear that Article 134, UCMJ, is not a, per se, general disorder lesser included offense in all instances. I therefore disagree that Conliffe "was also on fair constructive notice that he was pleading guilty to the lesser included offense of unlawful entry." Id. at ___ (18).

United States v. Conliffe, No. 08-0158/AR

RYAN, Judge (concurring in part and dissenting in part):

I concur with the majority's conclusion that conduct unbecoming an officer and a gentleman in violation of Article 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 933 (2000), is a purely military offense and, as such, cannot serve as the intended criminal offense underlying a charge of housebreaking under Article 130, UCMJ, 10 U.S.C. § 930 (2000). United States v. Conliffe, __ M.J. __ (12) (C.A.A.F. 2008). I join Judge Erdmann's opinion because I agree that Appellant's conviction may not be affirmed to a lesser included offense of unlawful entry under Article 134, UCMJ, 10 U.S.C. § 934 (2000), where the elements of the lesser included offense were neither charged in the specification nor explained and admitted to during the providence inquiry, without running afoul of this Court's decision last term in United States v. Medina, 66 M.J. 21 (C.A.A.F. 2008). Conliffe, __ M.J. at __ (3-4) (Erdmann, J., concurring in part and dissenting in part). I write separately to express my dismay at the majority's apparent resuscitation of the concept of "implicit elements," recast as "inherently included" elements.

The majority states that its analysis is limited to the "relation between the second element of housebreaking and the third element of . . . unlawful entry," Conliffe, __ M.J. at __ (17) (majority opinion). But I see no difference between the

majority's conclusion that "[t]he third element required for unlawful entry is inherently included within the second element of housebreaking," id. at __ (14), and an application of the "implicit elements" concept to any comparison between a greater enumerated offense and a lesser offense under Article 134, UCMJ, clause 1 or 2.

The concept of implicit elements, often attributed to United States v. Foster, 40 M.J. 140, 143 (C.M.A. 1994), permits an appellate military court to affirm a conviction to a lesser included offense under Article 134, UCMJ, if the conviction of the greater enumerated offense is disapproved -- and relieves the government of the need to plead or prove elements of the Article 134, UCMJ, offense on the theory that they are "implicitly" there.  If ever it was correct, this concept now appears wholly unsupportable.  See, e.g., Jones v. United States, 526 U.S. 227, 251-52 (1999) (holding that the Fifth Amendment's Due Process Clause and the Sixth Amendment's notice and jury trial guarantees require that all elements must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt); Schmuck v. United States, 489 U.S. 705, 718 (1989) (allowing lesser included offense instructions "only in those cases where the indictment contains the elements of both offenses and thereby gives notice to the defendant that he may be convicted on either charge").  While Medina did not

explicitly overrule <u>Foster</u>, prior to this case I believed <u>Medina</u> had cast serious doubt on <u>Foster</u>'s continuing viability.  <u>See</u> <u>Medina</u>, 66 M.J. at 26 (emphasizing an accused's "right to know to what offense and under what legal theory he or she is pleading guilty").

In <u>Foster</u>, 40 M.J. at 142-43, this Court considered whether to adopt the elements test that was established by the Supreme Court to determine whether one offense is "necessarily included" as a lesser offense of another under Fed. R. Crim. P. 31(c). <u>See</u> <u>Schmuck</u>, 489 U.S. at 716 (holding that "one offense is not 'necessarily included' in another <u>unless the elements of the lesser offense are a subset of the elements of the charged offense</u>") (emphasis added).  Under the <u>Schmuck</u> test, a simple side-by-side comparison of elements reveals whether one offense is included in another.  <u>See</u> <u>id.</u> at 716, 720 (requiring a "textual comparison of criminal statutes," which "is appropriately conducted by reference to the statutory elements of the offenses in question").  Because the military lesser included offense statute, Article 79, UCMJ, 10 U.S.C. § 879, is virtually identical to the federal rule, the <u>Foster</u> Court claimed to explicitly adopt the <u>Schmuck</u> elements test.  40 M.J. at 142-43.

So far so good.  But despite the apparent simplicity of applying the elements test, the <u>Foster</u> Court was confronted with

the fact that all offenses charged under clauses 1 or 2 of Article 134, UCMJ, include one element that the enumerated offenses do not -- that the conduct of the accused was either "to the prejudice of good order and discipline in the armed forces" or "of a nature to bring discredit upon the armed forces."  Rather than conclude, in conformity with Schmuck, that Article 134, UCMJ, is therefore not a lesser included offense of every enumerated offense, the Court "[held] simply that, in military jurisprudence, the term 'necessarily included' in Article 79 encompasses derivative offenses under Article 134." Foster, 40 M.J. at 143.

The Foster Court explained its holding as follows:

> Our rationale is simple.  The enumerated articles are rooted in the principle that such conduct per se is either prejudicial to good order and discipline or brings discredit to the armed forces; these elements are implicit in the enumerated articles.  Although the Government is not required to prove these elements in an enumerated-article prosecution, they are certainly present.

Id.[1]  This explanation contradicts the basic Due Process principle that all elements of an offense must be proven by the

---

[1] The Court was concerned that if those elements were not implicit in the enumerated offenses, then every lesser Article 134, UCMJ, offense would have an element the greater enumerated offense did not, and vice versa.  Foster, 40 M.J. at 143.  This would allow servicemembers to be charged with both offenses and would also deny them the chance to request a lesser included offense instruction.  Id.  Although I appreciate this concern, it does not justify creating a legal fiction that conflicts with the very law the Court was purporting to adopt.

United States v. Conliffe, No. 08-0158/AR

government beyond a reasonable doubt.  See In re Winship, 397 U.S. 358, 364 (1970) (holding that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged"); see also Jones, 526 U.S. at 232 ("Much turns on the determination that a fact is an element of an offense . . . given that elements must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt."); Apprendi v. New Jersey, 530 U.S. 466, 510 (2000) (Thomas, J., concurring) ("'[T]he indictment must allege whatever is in law essential to the punishment sought to be inflicted.'" (quoting 1 J. Bishop, Law of Criminal Procedure 50 (2d ed. 1872))).  I am aware of no other circumstance in which an element is "certainly present" in an offense, but need not be proven because it is "implicit" or "inherent."  In fact, the Supreme Court has previously rejected a similar construct in the context of jury instructions. Mullaney v. Wilbur, 421 U.S. 684 (1975).

In Mullaney, the Supreme Court considered instructions providing that although malice aforethought was an element of the crime of murder, its existence was to be "conclusively implied" unless the defendant could show otherwise.  Id. at 686. The Court invalidated these instructions, and the state law they were based on, because they relieved the government of its

5

burden to prove the intent element beyond a reasonable doubt. Id. at 697-704; see also Sandstrom v. Montana, 442 U.S. 510, 512, 523 (1979) (rejecting an instruction that "the law presumes that a person intends the ordinary consequences of his voluntary acts" because jurors "could reasonably have concluded that they were directed to find against defendant on the element of intent," thereby eliminating the government's burden of proof as to that element). Similarly, while it may seem intuitively true that conduct prohibited by the enumerated articles, such as entering a structure with the intent to commit an offense therein, is also prejudicial to good order and discipline or service discrediting, intuition alone cannot justify the legal conclusion that because the elements are "certainly present," "implicit," or "inherent," the government is relieved of its duty to charge and prove them.

Finding that the prejudicial to good order and discipline and service discrediting elements are implicit or inherent in the enumerated offenses also intrudes upon an accused's right to notice of the charges brought against him. Concern for this notice is at the heart of the elements test, for "a defendant cannot be held to answer a charge not contained in the indictment brought against him." Schmuck, 489 U.S. at 717. Indeed, if the government were "able to request an instruction on an offense whose elements were not charged in the indictment,

6

this right to notice would be placed in jeopardy." Id. at 718. Thus, in cases where the elements of the alleged lesser offense are not a subset of the greater, the principle of fair notice dictates that the accused may not be convicted of that alleged lesser offense. See Hopkins v. Reeves, 524 U.S. 88, 99 (1998) (finding where the state "proceeded against respondent only on a theory of felony murder, a crime that under state law has no lesser included homicide offenses[,] . . . [t]o allow respondent to be convicted of homicide offenses . . . would be to allow his jury to find beyond a reasonable doubt elements that the State had not attempted to prove, and indeed that it had ignored during the course of trial"). It was these very pleading and notice rights that I thought Medina addressed and that are present in the case before us.

The implicit elements concept as conceived by Foster and reinvigorated by the majority today, albeit recast as elements "inherently included," suggests that prejudicial to good order and discipline and service discrediting elements exist in a penumbral cloud, not subject to pleading or proof beyond a reasonable doubt for conviction of an enumerated offense, but available to be summoned by the government if and when needed to affirm a lesser included offense. I agree that there is a necessity for commanders to retain flexibility under Article 134, UCMJ, to maintain good order and discipline, particularly

7

United States v. Conliffe, No. 08-0158/AR

in the area of military-specific offenses; as the Supreme Court has recognized, the military must "regulate aspects of the conduct of members of the military which in the civilian sphere are left unregulated." Parker v. Levy, 417 U.S. 733, 749 (1974). But I disagree that Article 134, UCMJ, where its elements are not charged or proven, is or ever was intended to serve as a fallback option for the government to uphold a conviction to a lesser included offense whenever a conviction to the greater charged offense is overturned on appeal. I see no peculiar military necessity requiring such an option, which is almost certainly not available to federal prosecutors in the federal district court. See, e.g., United States v. Vasquez-Chan, 978 F.2d 546, 553-55 (9th Cir. 1992) (refusing to affirm a conviction for misprision of a felony because that offense requires at least one element not present in the offenses for which the appellant was originally convicted); United States v. Cavanaugh, 948 F.2d 405, 409-12 (8th Cir. 1991) (refusing to affirm a conviction for assault resulting in serious bodily injury in place of a murder conviction that was set aside, because the assault offense had an additional element that was not proved at trial).

I respectfully dissent from the portion of the majority's holding affirming a conviction to a violation of Article 134, UCMJ.